**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

C.B.,                                          :
                                               :
           Plaintiff,                          :
                                               :
     VS.                                       :          **7:21-CV-147 (TQL)**
                                               :
Commissioner of Social Security,               :
                                               :
           Defendant.                          :
_____        :

**ORDER**

Plaintiff filed this Social Security appeal on November 4, 2021, challenging the Commissioner's final decision denying her disability application, finding her not disabled within the meaning of the Social Security Act and Regulations. (Doc. 1). Both parties consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to, ordering the entry of judgment. (Doc. 14; Clerk's Entry, Mar. 23, 2022). The parties may appeal from the judgment, as permitted by law, directly to the United States Court of Appeals for the Eleventh Circuit. 28 U.S.C. § 636(c)(3).  Jurisdiction arises under 42 U.S.C. §§ 405(g) and 1383(c). All administrative remedies have been exhausted.

*Legal Standard*

In reviewing the final decision of the Commissioner, the Court must evaluate whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards to the evidence. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, which is defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. *Brito v. Comm'r, Soc. Sec.*

*Admin.*, 687 F. App'x 801, 803 (11th Cir. 2017) (per curiam) (first citing *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002) (per curiam); and then quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997)); *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991) (citations omitted).

"Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). "In contrast, the [Commissioner's] conclusions of law are not presumed valid. The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-46 (citations omitted).

Under the Regulations, the Commissioner evaluates a disability claim by means of a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant suffers from a severe impairment which significantly limits his or her ability to carry out basic work activities. Third, the Commissioner evaluates whether the claimant's impairments meet or equal listed impairments in Appendix 1 of Part 404 of the Regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity (RFC) will allow a return to past relevant work. Finally, the Commissioner determines whether the claimant's RFC, age, education, and work experience allow for an adjustment to other work.

*Administrative Proceedings*

Plaintiff protectively filed applications for Disability Insurance Benefits and for Supplemental Security Income on August 8, 2019. (Tr. 15, 51, 66). In her applications, Plaintiff

2

alleged an initial onset date of August 2, 2018. (Tr. 15, 51, 66). The Social Security Administration denied Plaintiff's claims initially and upon reconsideration. (Tr. 15, 121, 125, 134). Plaintiff requested a hearing (Tr. 141) and appeared before an Administrative Law Judge (ALJ) on January 7, 2021 (Tr. 15, 31).

In a hearing decision dated January 19, 2021, the ALJ determined Plaintiff was not disabled. (Tr. 15-23). The ALJ's decision became the final decision of the Commissioner upon the Appeals Council's denial of review. (Tr. 1-3).

***Statement of Facts and Evidence***

Plaintiff was born on February 1, 1963 (Tr. 185, 187), and was fifty-five (55) years old at the time of her alleged onset of disability (Doc. 15, p. 2). The ALJ found that Plaintiff had engaged in substantial gainful activity (SGA) during the second quarter of 2019, that she earned close to SGA earnings in the fourth quarter of 2018 as well as the third and fourth quarters of 2019, that she continued to work in 2020, and that Plaintiff collected unemployment in the second and third quarters of 2020 which is inconsistent with disability, but that there was a continuous twelve (12) month period during which Plaintiff did not engage in SGA. (Tr. 18). The ALJ found that Plaintiff had past relevant work experience as a waitress. (Tr. 22).

The ALJ determined that Plaintiff suffered from the following severe impairments: degenerative joint disease and osteoarthrosis of both hands, CTS (carpal tunnel syndrome), lumbar scoliosis and degenerative disc disease, and arthritis. (Tr. 18). The ALJ found that Plaintiff suffered from the non-severe impairment of decreased visual acuity. *Id.* The ALJ found that Plaintiff's medically determinable mental impairment of depression disorder was nonsevere. *Id.*

Considering the "paragraph B" criteria, the ALJ found that Plaintiff had mild limitation in her ability to understand, remember, or apply information; mild limitation in her ability to interact

with others; mild limitation in her ability to concentrate, persist, or maintain pace; and mild limitation in her ability to adapt or manage herself. (Tr. 18-19). Because the ALJ found that Plaintiff's mental impairment did not cause more than "mild" limitation in any of the functional areas and the evidence did not otherwise indicate that there was more than a minimal limitation in Plaintiff's ability to do basic work activities, the ALJ found that Plaintiff's medically determinable mental impairment was nonsevere. (Tr. 19).

Considering the evidence relating to all of Plaintiff's impairments, individually and in combination, the ALJ found no evidence that the combined clinical findings from such impairments reached the level of severity contemplated in the listings. (Tr. 19).

Considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work, except for frequent bilateral handling and fingering; frequent bending, balancing, stooping, kneeling, crouching, and crawling; frequent use of ramps and stairs; occasional use of ladders, ropes, and scaffolds; have no exposure to extremes of colds; and have no exposure to unprotected heights and dangerous machines. (Tr. 19-20).

The ALJ determined that Plaintiff was capable of performing her past relevant work as it did not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 22-23).

Ultimately, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from August 2, 2018, through January 19, 2021, the date of the ALJ's decision. (Tr. 23).

## DISCUSSION

Plaintiff argues that the ALJ erred in his consideration of several opinions. (Doc. 15). Plaintiff also appears to argue that the ALJ erred because he failed to develop the record. *Id.* at 13.

***Medical Opinion Evidence***

The regulations relating to the evaluation of medical evidence were amended for disability claims filed after March 27, 2017. 20 C.F.R. §§ 404.1520c, 416.920c. Under the prior regulations, medical evidence was given weight based on a "treating-physician rule," which created a discrete hierarchy based upon the classification to which medical evidence belonged. *See Himes v. Comm'r of Soc. Sec.*, 585 F. App'x 758, 762 (11th Cir. 2014) (per curiam) ("There are three tiers of medical opinion sources: (1) treating physicians; (2) nontreating, examining physicians; and (3) nontreating, nonexamining physicians.") (citing 20 C.F.R. §§ 404.1527(c)(1)-(2), 416.927(c)(1)-(2)).

However, the Eleventh Circuit recently held in a published opinion that the amended regulations validly abrogated its prior precedent for applying the treating-physician rule. *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022). Under the amended regulations that apply to Plaintiff's claim, the Commissioner "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [Plaintiff's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

While the new regulations eliminate the hierarchy of medical sources, deference to specific medical opinions, and assigning "weight" to a medical opinion, an ALJ is still required to articulate how he considered the medical opinions and how persuasive he found them. *See Matos v. Comm'r of Soc. Sec.*, 2022 WL 97144 at *4 (11th Cir. 2022) (per curiam) (explaining the new regulations). An ALJ is required to explain how he considered the "supportability" and the "consistency" of a medical source's opinion. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). An ALJ may, but is not required to, articulate consideration of other factors related to that medical source's opinion. *Id.*

§§ 404.1520c(b)(2), 416.920c(b)(2); *see also Matos*, 2022 WL 97144 at *4 (citing 20 C.F.R. § 404.1520c(b)(2)).

<u>Dr. Dubose's Opinion</u>

Plaintiff appears to make two separate arguments regarding the ALJ's consideration of the mental health opinion ("Dr. Dubose's opinion"). First, Plaintiff argues that the ALJ violated SSR 16-3p. Second, Plaintiff argues that the ALJ did not assess the "consistency" and "supportability" of Dr. Dubose's opinion. (Doc. 15, pp. 9-10).

As to the alleged violation of SSR 16-3p, Plaintiff asserts that the ALJ failed to comply with SSR 16-3p when the ALJ cited a lack of mental health treatment. *Id.* at 10. Social Security Ruling 16-3p is a policy interpretation for ALJs regarding assessing the intensity and persistence of symptoms of medically determinable impairments. Soc. Sec. Ruling 16-3p, 2017 WL 5180304 at *2 (2017). ALJs are instructed to "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." *Id.* Where an ALJ finds that the "frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints," then an ALJ may find that the "individual's symptoms are inconsistent with the overall evidence of record." *Id.* at *9.

Crucially, the Commissioner "will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons . . . she may not comply with treatment or seek treatment consistent with the degree of . . . her complaints." *Id.* Among the many "possible reasons" the ALJ "may consider (but [is] not limited to)" is the inability "to afford treatment" and lack of "access to free or low-cost medical services." *Id.* at *10. The suggested

reasons are not limited: the Commissioner "will consider and address reasons for not pursuing treatment that are pertinent to an individual's case." *Id.*

The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the record. (Tr. 20). Specifically, the ALJ stated that the Plaintiff's statements about her symptoms were "inconsistent because the evidence of record does not support the extent alleged. [Plaintiff] reported working five days a week[.]" (Tr. 21). Thereafter, the ALJ discussed the evidence of record. As a result, the ALJ did not find that Plaintiff's statements concerning the intensity, persistence and limiting effect of her symptoms were not entirely consistent with the record because of a lack of treatment. Rather, the ALJ found that the statements were inconsistent with the record primarily because Plaintiff continued to work, which is a reason pertinent to Plaintiff's case.

Plaintiff also relies on *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988), for the proposition that "poverty excuses non-compliance" in regard to the ALJ's alleged failure to comply with SSR 16-3 by citing a lack of mental health treatment. (Doc. 15, p. 10). In *Dawkins*, the Eleventh Circuit held that, while the Regulations provide that refusal to follow prescribed medical treatment without good reason will preclude a finding of disability, if an ALJ finds that a claimant is disabled and cannot afford the prescribed treatment, she is excused from complying with treatment and is entitled to benefits. *Dawkins*, 848 F.2d at 1214.

Here, the ALJ found that Plaintiff was <u>not</u> disabled. Further, the ALJ did not base his finding on the fact that Plaintiff was noncompliant with treatment. Rather, the ALJ substantially based his decision on the fact that Plaintiff had continued to work after the alleged onset date. (Tr. 21 ("The claimant reported working five days a week"; "However, she reported working as a waitress."; "In addition, the claimant worked part-time 15-20 hours per week at a restaurant, where

she is on her feet during those work hours"; "The psychological consultative exam . . . notes the claimant was currently employed"; "However, she reported that she was still working"); Tr. 22 ("she works as a waitress/server at a restaurant"; "Dubose opinion is partially persuasive, as the claimant worked after the alleged onset date as a server at a restaurant")).

Further, Plaintiff's alleged inability to afford treatment was addressed at her hearing before the ALJ in the context of Plaintiff's inability to afford health insurance, which immediately followed a discussion of Plaintiff's hand impairments and whether she was currently receiving any treatment for her hand impairments. (Tr. 36). While Plaintiff testified to having "dealt with depression," she did not assert that she was unable to afford treatment. (Tr. 44). Finally, Plaintiff does not allege any mental disability in her applications. (Tr. 51, 66, 224). Accordingly, the Court finds that the ALJ complied with the requirements of SSR 16-3p.

As to the ALJ's alleged failure to discuss the "supportability" and "consistency" of Dr. Dubose's opinion, the ALJ noted that the opinion of Dr. Dubose, the State Agency psychological consultant, was "not consistent" with other evidence in the record. (Tr. 22). The ALJ did not expressly state the "supportability" of the opinion. To the extent that it was error for the ALJ to fail to explicitly articulate his consideration of the "supportability" of Dr. Dubose's opinion, the Court finds that it is harmless error because the ALJ considered Dr. Dubose's opinion and the underlying evidence in the record, so that any failure to articulate whether the opinion was "supported" would not have affected the ALJ's ultimate decision. *Hunter v. Comm'r of Soc. Sec.*, 609 F. App'x 555, 558 (11th Cir. 2015) (per curiam) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)) ("To the extent that an [ALJ] commits an error, the error is harmless if it did not affect the [ALJ's] ultimate determination.").

While it is not entirely clear that Plaintiff's assertion that the ALJ relied "solely on two considerations that he failed to properly analyze" (Doc. 15, p. 10), refers to Plaintiff's argument as to the ALJ's alleged failure to address the "supportability" and "consistency" of Dr. Dubose's opinion, the Court assumes from the context that Plaintiff intended for it to refer to that alleged failure. In support thereof, Plaintiff points to other evidence in the record to support her argument. However, the "issue before [the Court] is whether there was substantial evidence to support the [ALJ's] decision, not whether there could be substantial evidence in the record to support a different decision." *Rodriguez ex rel. R.C. v. Berryhill*, 2021 WL 5023951 at \*7 (11th Cir. 2021) (per curiam) (citing *Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1282 (11th Cir. 2004)). "Under a substantial evidence standard of review, [Plaintiff] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) (per curiam) (citing *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam)). As discussed, *infra*, the Court finds the ALJ's decision is supported by substantial evidence.

<u>Dr. Odeh's Opinion</u>

Plaintiff argues that the ALJ improperly evaluated Dr. Odeh's opinion. (Doc. 15, p. 11). The ALJ found his opinion was slightly persuasive, but that Dr. Odeh relied heavily on Plaintiff's subjective complaints, as the objective findings were not consistent with Dr. Odeh's statement of limitations. (Tr. 22).

The ALJ noted that Dr. Odeh found 5/5 grip and pinch strength, full range of motion in both hands and fingers, 5/5 strength in bilateral upper and lower extremities, but that Dr. Odeh opined that Plaintiff would have difficulty with prolonged standing, walking, etc. *Id.*

As the ALJ correctly noted, Dr. Odeh's opinion is inconsistent with the objective findings he made. On examination, Plaintiff had normal active range of motion in both hands and fingers, 5/5 grip and pinch strength, and 5/5 strength bilaterally in her upper and lower extremities. (Tr. 375-376). Further, Dr. Odeh noted that Plaintiff was "able to sit without difficulty but complains of back pain with prolonged standing and walking." (Tr. 378). Finally, Dr. Odeh found on exam that Plaintiff had full range of motion in her cervical and lumbar spine, but that she had tenderness at her cervical and lumbar spine, and that Plaintiff had normal curvature and was non-tender at her thoracic spine. (Tr. 379). The ALJ found such clinical findings slightly persuasive (Tr. 22) and accommodated Plaintiff's back complaints by assessing an appropriate limitation in Plaintiff's RFC (Tr. 20) (limiting Plaintiff to frequent bending, stooping, kneeling, crouching, and crawling). Having reviewed Dr. Odeh's opinion, the Court finds that the ALJ's consideration of Dr. Odeh's opinion is supported by substantial evidence.

Dr. Mitgang's Opinion

Plaintiff argues that the ALJ did not discuss the "supportability" of Dr. Mitgang's opinion and that the ALJ failed to properly consider the opinion, specifically referencing Dr. Mitgang's summary of Dr. Odeh's opinion. (Doc. 15, p. 12).

The ALJ did not expressly state the "supportability" of Dr. Mitgang's opinion. To the extent that it was error for the ALJ to fail to explicitly articulate his consideration of the "supportability" of Dr. Mitgang's opinion, the Court finds that it is harmless error because the ALJ considered the evidence underlying Dr. Mitgang's opinion. (Tr. 21) (addressing Exhibit 3F, Dr. Odeh's Oct. 31, 2019 opinion). Further, the ALJ found that Dr. Mitgang's opinion was partially persuasive but was inconsistent with the evidence of record in some respects. (Tr. 22). Thus, it appears that the ALJ impliedly found that Dr. Mitgang's opinion was not supported by the record.

10

Accordingly, any error from the ALJ's failure to articulate whether Dr. Mitgang's opinion was "supported" would not have affected the ALJ's ultimate decision. *Hunter*, 609 F. App'x at 558.

To the extent that Plaintiff points to other evidence in the record to support her argument for a finding of disability, the issue before the Court is whether there is substantial evidence to support the ALJ's decision, not whether there is substantial evidence to support a different decision. *Rodriguez ex rel. R.C.*, 2021 WL 5023951 at *7.

Having reviewed all of the evidence in the record and the ALJ's decision, the Court finds that the ALJ's decision is supported by substantial evidence.

***Failure to Develop the Record***

Plaintiff appears to argue that the ALJ failed to develop the record. (Doc. 15, p. 13). Specifically, Plaintiff argues that the ALJ should have ordered a consultative physical examination of Plaintiff. *Id.* at 14.

The Social Security disability claims process is "inquisitorial, not adversarial, in nature, [though] claimants must establish that they are eligible for benefits." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). An ALJ has "a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." *Id.* (citing *Doughty v. Apfel*, 245 F.3d 1274, 1281 (11th Cir. 2001)). Where there are no "evidentiary gaps that result[] in unfairness or clear prejudice[,]" an ALJ is not required to order a consultative examination. *Colon v. Colvin*, 660 F. App'x 867, 870 (11th Cir. 2016) (per curiam) (first citing *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995); and then citing *Ingram*, 496 F.3d at 1269). The Court finds that the ALJ was not required to order a consultative examination for several reasons.

First, there is enough medical evidence in the record, along with other opinion evidence, that the ALJ could make an informed decision. That another conclusion as to what that evidence supports may be possible is not the issue to be decided. Rather, the issue is whether substantial evidence supports the decision made by the ALJ.

Second, Plaintiff does not assert a new previously unexamined limitation that would affect her RFC, "so a consultative exam would have been for the same condition that had been examined several times since the inception of this case." *Colon*, 660 F. App'x at 870. From the beginning, Plaintiff alleged disability based upon pain in her arm, tendonitis, and pain in her legs. (Tr. 51, 66). Virtually all of the medical records, with few exceptions related to accidental injury, relate to those issues. Dr. Odeh's consultative examination specifically addresses those issues. (Tr. 378). Finally, the ALJ found that those issues were, in fact, severe impairments. (Tr. 18).

Plaintiff "may be correct that additional consultative exams may have been somewhat helpful, but [she] ultimately bears the burden of showing that [she] is disabled." *Colon*, 660 F. App'x at 870 (citing *Ellison v. Barnhart*, [355] F.3d 1272, 1276 (11th Cir. 2003)).[1] Because the ALJ accounted for Plaintiff's severe impairments, Plaintiff "cannot show any evidentiary gaps that would result in prejudice and require a remand." *Id.* at 870-71.

### CONCLUSION

As the Commissioner's decision that Plaintiff was not disabled is supported by substantial evidence, the Commissioner's decision is **AFFIRMED** pursuant to Sentence Four of § 405(g).

**SO ORDERED**, this 12th day of January, 2023.

s/ *THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

---

[1] The *Colon* opinion, as originally issued by the Eleventh Circuit, erroneously cites to *Ellison*, 335 F.3d at 1276, as to the quoted text. The correct citation is *Ellison*, 355 F.3d at 1276. Westlaw's version of the *Colon* opinion retains this citation error, so the Court notes the correction in the text above. The Lexis publication of the *Colon* opinion omits the error and corrects it, without indicating a text alteration.